CHARLES W. JOHN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
John v. Commissioner
Docket No. 537-80
United States Tax Court
T.C. Memo 1983-498; 1983 Tax Ct. Memo LEXIS 294; 46 T.C.M. (CCH) 1141; T.C.M. (RIA) 83498; August 17, 1983. Charles W. John, pro se. Judy K. Hunt, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1977 in the amount of $43,941.25. Many of the issues have been settled by the parties. The remaining questions are: (1) The proportion of expenses of a house used for both business and personal purposes allocable to business. (2) The proportion of certain repairs allocable to business. (3) Whether petitioner is entitled to a business deduction for interest expenses on a loan incurred to build a garage.
*295 (4) Whether petitioner is entitled to certain automobile expenses. (5) Whether petitioner may deduct certain boat expenses. (6) Whether petitioner is entitled to a deduction for miscellaneous business expenses. FINDINGS OF FACT Some of the facts have been stipulated and the stipulation is incorporated herein by reference. At the time of filing the petition in the above-entitled case, petitioner's legal residence was Sarasota, Florida. During the year 1977, petitioner operated a dental laboratory employing himself and three other individuals. Petitioner made dental bridges and caps for dentists in Sarasota, Florida, and the surrounding area. The geographic area covered by petitioner's business was sizable, and he served a great number of dentists. Petitioner sometimes called on dentists, but his business contacts arose principally from satisfied customers. Petitioner was required to pick up orders for dental bridges at the office of each dentist served, and to return the finished product to that place of business. In many instances two or more trips would be necessary in order to adjust the color of porcelain caps, or make minor modifications after the dentist had *296 inserted the dental appliance to evaluate color and/or fit. During 1977, petitioner owned several motor vehicles, and employed all of them at various times in the business. Petitioner owned a Saab, a Fiat, a Ford Econoline van, a new motorcycle, and a Jaguar automobile. Petitioner also purchased a new motorcycle in 1977 on which he claimed an investment credit and depreciation. During the course of the year, petitioner replaced the Fiat with a Volkswagen. The Jaguar was used almost wholly for personal activities, but the other vehicles were used extensively in the business. Petitioner claimed $4,451.11 for the cost of using these automobiles in business, but now concedes $767.40 of this amount. Accordingly, $3,683.71 remains in issue for automobile depreciation and repairs, gasoline, and insurance. Depreciation and an investment credit remain in issue for the motorcycle. During the year in issue, petitioner also owned a boat and motor, a boat radio, and a C.B. radio. He used the C.B. radio in his business. On his 1977 tax return, petitioner claimed deductions for 100 percent of his expenses for heat, lights and water, trash pickup, and telephone for the building at 2859 *297 Lexington Street, Sarasota, Florida. This building served as both a residence and business location for petitioner. Petitioner paid $1,816.09 for heat, lights and water in 1977. In that year he paid $61.75 for trash pickup, and $741.49 for telephone. Petitioner also paid $53.36 for television repair and $81.12 to have a towing apparatus welded to his Ford Econoline van. Petitioner claimed $818.81 in interest for 1977. At trial, $271.48 remained in issue, relating to a loan petitioner had at Ellis Bank for a garage added to his house. Petitioner also claimed miscellaneous expenses for subcontracting work on dentures, and for purchasing safety glasses used in his laboratory. OPINION In this case we have unfortunately been asked to conduct an in-court audit where a calculator is a much more useful tool than a law book. It bears repeating at the outset that deductions must be traced to specific legislative authority, and petitioner bears the burden of proving that he comes within the scope of this authority. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Interstate Transit Lines v. Commissioner,319 U.S. 590 (1943); see Welch v. Helvering,290 U.S. 111 (1933); *298 Rule 142, Tax Court Rules of Practice and Procedure. We have made the following decisions with regard to business expenses deductible under section 162. [1]
Issue 1. House Expenses Allocable to Business
Petitioner has convinced us that the different appliances he used in his business consumed a greater amount of electricity than was consumed by his personal use of the house. Several of the machines drew substantial amperage, and would be used throughout each business day. Additionally, petitioner spent a good deal of his free time away from the house which was also his business premises. We also feel that petitioner has demonstrated that the telephone was principally for business usage. Accordingly, we allow petitioner 75 percent of the expenses for these items. There is, however, no showing that trash collection expenses were disproportionately attributable to business. Accordingly, one half of the trash expenses are deductible. Issue 2. Repairs
Petitioner has established that he spent certain amounts for a termite inspection, to have a television *299 repaired, and to have a towing apparatus welded to his Ford Econoline. We believe respondent was correct in allowing half of the termite expense. This is consistent with the depreciation petitioner claims on his house as a result of business usage, and there is nothing to indicate that pest control would be anymore beneficial to his business than it would be to his use of the premises as a personal residence. We disallow the television expenditures completely as personal, even though petitioner claims he watched the television while working in the laboratory. Finally, the Ford Econoline van was used to tow a personal racing car at times, and we do not believe that the welding was required for business purposes. Issue 3. Interest
The parties settled some of the interest expenses originally at issue. The remaining interest expense concerns interest that petitioner substantiated at trial on a one-year note at the Ellis bank. The note on the loan was obtained in connection with a garage for petitioner's house, and he substantiated at trial that he paid $361.48 in interest. Respondent was unsatisfied with half of the substantiation provided, and concluded that $180 was all *300 that was paid. Accordingly, consistent with respondent's allocation of 50 percent of the housing expenses to business, he allowed $90 of the interest as a business expense. We are satisfied that petitioner did pay $361.48 in business interest in 1977, and allow him 50 percent of this amount. Accordingly, the interest is deductible as a business expense. [2]
Issue 4. Automobile Expense
There were a variety of automobile expenses remaining in issue totaling $3,683.71. A substantial amount was admittedly expended for gas and repairs on petitioner's vehicles. However, respondent contends that petitioner has not proven that he used the automobiles in business. We believe that petitioner has demonstrated substantial business use of the automobiles in issue, and we allow him 80 percent of all of the expenses allocable to this issue (including insurance and depreciation) other than repairs. As to repairs, petitioner submitted some bills, but only a few of them contain sufficient information to associate them with *301 cars that he used in his business. Accordingly, we allow petitioner $475.58 for repairs. Issue 5. Boat Expenses
Petitioner owned a boat, a boat radio, and a boat motor on which he claimed depreciation during 1977. Petitioner claims that at some point in time he used the boat to entertain dentists who were prospective customers. However, the boat was in disrepair during the year in question and was not used in that capacity. Additionally, petitioner's testimony on this regard is wholly unspecific and does not begin to meet the requirements of either section 162 or section 274 with regard to this deduction. Accordingly, we disallow the boat deduction entirely. Issue 6. Miscellaneous Expense
Petitioner wrote a check in 1977 to a Mr. L. N. Thomas for $184. Petitioner testified at trial that this amount was paid to Mr. Thomas to prepare dentures in accordance with an order petitioner placed. Petitioner avoided doing dentures in his business, and when it became necessary to prepare dentures, he would subcontract that out. We therefore believe that the check to L. N. Thomas for $184 represents a deductible expense. Additionally, petitioner wrote a check to an optical *302 company for $45.95. Petitioner testified at trial that the check was for safety glasses that he used in his dental laboratory. We believe petitioner and allow this deduction in full. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenude Code of 1954 as in effect during the year in issue.↩
2. While interest would normally be deductible as a personal expense to the extent it is not a business expense, petitioner did not itemize his deductions in 1977.↩